**1611-CC00730**

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

### IN THE MISSOURI CIRCUIT COURT
### FOR THE ELEVENTH JUDICIAL CIRCUIT
### COUNTY OF ST. CHARLES

| | |
|---|---|
| **SWINTER GROUP, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )    **JURY TRIAL DEMANDED** |
| **WEX, INC. d/b/a WEX FLEET ONE,,** | ) |
| | ) |
| **Serve:** | ) |
| **Corporation Service Company** | ) |
| **Registered Agent** | ) |
| **45 Memorial Circle** | ) |
| **Augusta, ME 04330** | ) |
| | ) |
| **Or** | ) |
| **Person in Charge** | ) |
| **225 Gorham Road, South** | ) |
| **Portland, ME 04106** | ) |
| | ) |
| **and** | ) |
| | ) |
| **JOHN DOES 1-10,** | ) |
| | ) |
| **Defendants.** | ) |

### <u>CLASS ACTION JUNK-FAX PETITION</u>

Plaintiff Swinter Group, Inc., brings this junk-fax class action, on behalf of itself and all others similarly situated, against Defendants WEX, Inc. d/b/a WEX Fleet One and John Does 1-10 under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (TCPA).

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Swinter Group, Inc., is a Missouri corporation in good standing with the Missouri Secretary of State.



EXHIBIT
A

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

2.      Defendant WEX, Inc. d/b/a WEX Fleet One (WEX) is a Delaware corporation with its principal place of business in in Portland, Maine.

3.      "WEX Fleet One" is not registered as a fictitious name or assumed name with the Maine Department of the Secretary of State

4.      WEX is not registered with the Missouri Secretary of State to transact business in Missouri.

5.      John Does 1-10 are not presently known.

6.      This Court has personal jurisdiction over Defendants under 47 U.S.C. § 227(b)(3), because Defendants sent at least one illegal fax into Missouri, Defendants transact business within this state, Defendants have made contracts within this state, Defendants have committed tortious acts within this state, including conversion of fax recipients' paper, ink, and toner, and/or Defendants otherwise have sufficient minimum contacts with this state.

7.      WEX has hundreds of merchant clients in Missouri and has merchant clients in St. Charles County, e.g., one at 2301 Old Highway 94 S.

8.      Venue is proper under Missouri Revised Statutes § 508.010.2.

**THE FAX**

9.      On or about August 10, 2016, Defendants, or someone acting on their behalf, used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 678-0116 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 1** (Fax).

10.     Plaintiff received the Fax through Plaintiff's facsimile machine.

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

11.     The Fax constitutes material advertising quality or commercial availability of any property, goods, or services.

12.     The Fax advertised the "WEX Fleet One OTR card" as well as the following:

**WEX Fleet One offers Factoring services, CASH services including ATM access, cash advances**

13.     The Fax encouraged the recipient to do the following:

**Choose one or all of our services – you can't go wrong!**

14.     The bottom of the Fax contains an opt-out notice which states, "If you have received this fax in error and/or would like to be removed from our fax list, please email "unsubscribe" to marketing@FleetOne.com."

15.     A true and accurate copy of the home page, www.fleetone.com (last visited Aug. 11, 2016), is attached as Exhibit 2.

16.     The Fax was admittedly sent as part of a fax blast, as noted on bottom right-hand corner of the Fax, which states:

**C-WF1 OTR FaxBlast 316**
**Coupon Code: FIWQM**

17.     On information and belief, Defendants have sent other facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services to Plaintiff and to at least 40 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example, or, alternatively, the Fax was sent on behalf of Defendants.

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

18.     Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

19.     Defendants had a high degree of involvement in, actual notice of, and/or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

20.     Defendants created, made, and/or ratified the sending of the Fax and other similar or identical facsimile advertisements, which Defendants sent to Plaintiff and to other members of the "Class" as defined below.

21.     The Fax, and the other similar or identical facsimile advertisements, sent by and/or on behalf of Defendants, is part of Defendants' work or operations to market Defendants' products, goods, or services.

22.     The Fax sent to Plaintiff, and the other facsimile advertisements sent by Defendants, lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

23.     Under the TCPA and 47 C.F.R. § 64.1200(a)(3)(iii), the opt-out notice required for all facsimile advertisements must meet the following criteria:

(A)     The notice is clear and conspicuous and on the first page of the advertisement;

(B)     The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

(C)   The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section

(D)   The notice includes—

(1)   A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

(2)   If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E)   The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

24.   Senders of fax ads must include certain information in an opt-out notice on the fax, even if the recipient previously agreed to receive fax ads from such senders. *See* 47 C.F.R. § 64.1200(a)(4)(iv).

25.   Senders of fax ads must fully comply with the opt-out notice requirements of 47 C.F.R. § 64.1200(a)(4)(iii).

26.   The Fax and Defendants' similar facsimile advertisements lacked a notice stating that the recipient may make a request to the sender of the advertisement not to send future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting 47 C.F.R. § 64.1200(a)(4)(v)'s requirements is unlawful.

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

27.    The transmissions of facsimile advertisements, including the Fax, to Plaintiff, lacked a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

28.    On information and belief, Defendants faxed the same or other substantially similar facsimile advertisements to the members of the Class in Missouri and throughout the United States without first obtaining the recipients' prior express invitation or permission.

29.    Defendants violated the TCPA by transmitting the Fax to Plaintiff and to the Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

30.    Defendants knew or should have known that (a) facsimile advertisements, including the Fax, were advertisements, (b) Plaintiff and the other Class members had not given their prior invitation or permission to receive facsimile advertisements, (c) no established business relationship existed with Plaintiff and the other Class members, and (d) Defendants' facsimile advertisements did not display a proper opt-out notice.

31.    Defendants failed to determine correctly the legal restrictions on the use of facsimile transmissions and the application of those restrictions to facsimile advertisements, including the Fax, both to Plaintiff and the Class.

32.    Pleading in the alternative to the allegations that Defendants knowingly violated the TCPA, Plaintiff alleges that Defendants did not intend to send transmissions of facsimile advertisements, including the Fax, to any person

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

33.     The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused concrete and personalized injury, including unwanted use and destruction of their property, e.g., toner or ink and paper, caused undesired wear on hardware, interfered with the recipients' exclusive use of their property, occupied their fax machines for the period of time required for the electronic transmission of the data, and interfered with their business and/or personal communications and privacy interests.

## CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Class":

> All persons in the United States who on or after four years prior to the filing of this action, (1) were sent by or on behalf of Defendants a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services, (2) with respect to whom Defendants cannot provide evidence of prior express invitation or permission for the sending of such faxes, and (3) either (a) with whom Defendants did not have an established business relationship, or (b) the fax identified in subpart (1) of this definition (i) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request    meeting    the    requirements    under    47    C.F.R.    §

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

64.1200(a)(4)(v) is unlawful, (ii) lacked a telephone number for sending the opt-out request, or (iii) lacked a facsimile number for sending the opt-out request.

35.     Excluded from the Class are Defendants, their employees, agents, and members of the judiciary.

36.     This case is appropriate as a class action because:

a.      <u>Numerosity.</u>  On information and belief, based in part on review of the sophisticated Fax and online research, the Class includes at least 40 persons and is so numerous that joinder of all members is impracticable.

b.      <u>Commonality.</u>   Questions of fact or law common to the Class predominate over questions affecting only individual Class members, e.g.:

    i.      Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

    ii.     Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the commercial availability of any property, goods or services;

    iii.    Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the quality of any property, goods or services;

    iv.     The manner and method Defendants used to compile or obtain the list of fax numbers to which Defendants sent the Fax and other unsolicited faxed advertisements;

    v.      Whether Defendants faxed advertisements without first obtaining the recipients' prior express invitation or permission;

    vi.     Whether Defendants violated 47 U.S.C. § 227;

    vii.    Whether Defendants willingly or knowingly violated 47 U.S.C. § 227;

    viii.   Whether Defendants violated 47 C.F.R. § 64.1200;

    ix.     Whether the Fax, and the other fax advertisements sent by or on behalf of Defendants, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

x.      Whether the Court should award statutory damages per TCPA violation per fax;

xi.     Whether the Court should award treble damages per TCPA violation per fax; and

xii.    Whether the Court should enjoin Defendants from sending TCPA-violating facsimile advertisements in the future.

c.      <u>Typicality.</u>  Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendants to the Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

d.      <u>Adequacy.</u>  Plaintiff will fairly and adequately protect the interests of the other Class members.  Plaintiff's counsel is experienced in TCPA class actions, having litigated more than 40 such cases.  Neither Plaintiff nor its counsel has interests adverse or in conflict with the Class members.

e.      <u>Superiority.</u>  A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

37.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine."  47 U.S.C. § 227(b)(1).

38.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or

9

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

39.     The TCPA provides:

Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)     Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

40.     The TCPA also provides that the Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

41.     "A facsimile broadcaster will be liable for violations of [Section 64.1200(a)(4)]. . . , including the inclusion of opt-out notices on unsolicited advertisements, if it demonstrates a high degree of involvement in, or actual notice of, the unlawful activity and fails to take steps to prevent such facsimile transmissions." 47 C.F.R. § 64.1200(a)(4)(vii).

42.     Because the TCPA is a strict liability statute; Defendants are liable to Plaintiff and the Class even if Defendants only acted negligently.

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

43.     Defendants' actions caused concrete and particularized harm to Plaintiff and the Class, as

a.      receiving Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendants' faxes;

b.      Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines;

c.      Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on business activities; and

d.      Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone and intruded upon their seclusion.

44.     Defendants intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with Defendants' advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

45.     Defendants knew or should have known that (a) Plaintiff and the other Class members had not given express invitation or permission for Defendants or anyone else to fax advertisements about Defendants' property, goods, or services, (b) Defendants did not have an established business relationship with Plaintiff and the other Class members, (c) the Fax and the other facsimile advertisements were advertisements, and (d) the Fax and the other facsimile advertisements did not display the proper opt-out notice.

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

46.     Defendants violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

WHEREFORE, Plaintiff Swinter Group, Inc., individually and on behalf of all others similarly situated, demands judgment in its favor and against all Defendants, jointly and severally, as follows:

a.   certify this action as a class action and appoint Plaintiff as Class representative;

b.   appoint the undersigned counsel as Class counsel;

c.   award damages of $500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);

d.   award treble damages up to $1,500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3);

e.   enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);

f.   award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;

g.   award Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;

h.   award Plaintiff prejudgment interest and costs; and

i.   grant Plaintiff all other relief deemed just and proper.

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that WEX take affirmative steps to preserve all records, lists, electronic databases, or other itemization of telephone or fax numbers associated with WEX and the communication or transmittal of advertisements as alleged herein.

Dated:  August 11, 2016

SCHULTZ & ASSOCIATES LLP

By:  /s/ Ronald J. Eisenberg
     Ronald J. Eisenberg, #48674
     640 Cepi Drive, Suite A
     Chesterfield, MO 63005
     636-537-4645
     Fax:  636-537-2599
     reisenberg@sl-lawyers.com

*Attorney for Plaintiff*

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM



## *All Vehicles.  All Classes.  All Fuel. We've got options!*

**Prefer Truck Stops?** The WEX Fleet One **OTR fuel card** brings nationwide truck stop acceptance with $0 transaction fees and CASH PRICE± at the pump.

**Prefer Gas Stations?** The WEX Fleet One **All Roads fuel card** is a single card solution bringing extended terms & acceptance at both gas stations and truck stops.

Each fuel card carries big benefits like:

- ✓ Significant Fuel Savings & Discounts
- ✓ $0 Transaction Fees
- ✓ **FREE** Online Account Management
- ✓ 24/7/365 Customer Service
- ✓ Enhanced purchasing control

**Our cards are just the beginning of a more productive, efficient fleet.**

WEX Fleet One offers Factoring services, CASH services including ATM access, cash advances and PlusChek® services. Plus we offer permit services as well as tire replacement programs.

Choose one or all of our services – you can't go wrong!

Just fill out the form below and fax back to 1 888 310 1988  It's that easy!

---

YES!  I would like more information about the many fuel card and services from WEX Fleet One.

Company Name: _____

Contact Name: _____

City: _____        State: _____

Email: _____  _____  _____

Phone: _____

---

Want point of sale discounts up to **15¢ a gallon** at major truck stops every day? Ask us how!

---

If you have received this fax in error and/or would like to be removed from our fax list, please email "unsubscribe" to marketing@FleetOne.com.

± http://www.fleetone.com/disclaimer

C-WF1 OTR FaxBlast 316
Coupon Code: FIWQM

Ex. 1

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

WEX Fleet One Cards Deliver Greater Control and Convenience



MERCHANT DIRECTORY | CUSTOMER LOGIN | MERCHANT LOGIN      SITE SEARCH

CUSTOMER SELF SERVICE

About Us      Product Solutions      Why Fleet One?      Partner With Us      Apply For A Card      Contact Us

## WEX FLEET ONE FUEL CARDS DELIVER GREATER CONTROL & SAVINGS

### WEX INDEX

Gasoline Prices 40 Cents Per Gallon Lower Than Last Year

The national average dropped more than 20 cents per gallon to $3.37 its lowest level since late January of this year. Compared to last year, prices are down by more than 40 cents per gallon. The good news for fleet managers is that many analysts are predicting further declines with some even saying that the national average could flirt with $3.00 per gallon before the year ends.

### WEX FLEET ONE

Over-The-Road Fuel Card



Businesses and owner operators traveling long-haul count on the Over-The-Road (OTR) fuel card from WEX Fleet One to save on diesel fuel, get improved reporting and access immediate cash services, all while managing and controlling needed maintenance and truck stop purchases at over 7,900 truck stop locations nationwide.

APPLY NOW

### WEX FLEET ONE

All Roads Fuel Card



For mixed fleets fueling primarily at convenience stores, the All Roads fuel card from WEX Fleet One helps reduce the cost of fuel spend. The All Roads card is accepted at over 60,000 c-stores and 7,900 truck stops nationwide, captures consistent level III data and helps enforce tight card controls.

APPLY NOW

LEARN MORE          LEARN MORE          LEARN MORE

WEX Fleet One | Terms of Use | Careers | Integrity Helpline | 613 Bakertown Road, Antioch TN 37013 | 866.517.2537

**WEX Fleet One provides category-leading fleet, corporate and prepaid payment solutions across a wide spectrum of business sectors around the globe.**

Ex. 2



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>RICHARD KEVIN ZERR | Case Number:  1611-CC00730 |
|---|---|
| Plaintiff/Petitioner:<br>SWINTER GROUP INC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>WEX INC<br>DBA:   WEX FLEET ONE | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Injunction | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   **WEX INC**
          **Alias:**
          **DBA:   WEX FLEET ONE**

**CORPORATION SERVICE COMPANY**                    **OR:  PERSON IN CHARGE**
**45 MEMORIAL CIRCLE**                          **225 GORHAM RD SOUTH**
**AUGUSTA, ME  04330**                        **PORTLAND, ME  04106**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*ST. CHARLES COUNTY*

          _____8/12/2016_____          _____/S/  Judy Zerr_____
                  Date                                  Clerk
Further Information:

---

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   _____ (name) _____ (title).
   ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____    _____
      Printed Name of Sheriff or Server                 Signature of Sheriff or Server

        **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
        I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                        ☐ the judge of the court of which affiant is an officer.
                        ☐ authorized to administer oaths in the state in which the affiant served the above summons.
      *(Seal)*             (use for out-of-state officer)
                        ☐ authorized to administer oaths.  (use for court-appointed server)
                              _____
                                     Signature and Title

| **Service Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

---

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

STATE OF MISSOURI           )
                                    ) ss.
ST. CHARLES COUNTY, MISSOURI    )

### IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

### NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

Pursuant to Missouri Supreme Court Rule 17, the Circuit Court of St. Charles County, Missouri (Eleventh Judicial Circuit) has adopted a local rule to encourage voluntary alternative dispute resolution.  The purpose of the rule and the program it establishes is to foster timely, economical, fair and voluntary settlements of lawsuits without delaying or interfering with a party's right to resolve a lawsuit by trial.

This program applies to all civil actions other than cases in the small claims, probate and family court divisions of the Circuit Court, and you are hereby notified that it is available to you in this case.

The program encourages the voluntary early resolution of disputes through mediation. Mediation is an informal non-binding alternative dispute resolution process in which a trained mediator facilitates discussions and negotiations among the parties to help them resolve their dispute.  The mediator is impartial and has no authority to render a decision or impose a resolution on the parties.   During the course of the mediation, the mediator may meet with the parties together and separately to discuss the dispute, to explore the parties' interests, and to stimulate ideas for resolution of the dispute.

A list of mediators approved by the court and information regarding their qualifications is kept by the Circuit Clerk's Office.  If all parties to the suit agree to mediation, within ten days after they have filed the Consent to Mediation Form on the reverse side of this page with the Clerk of the Court, they shall jointly select from that list a mediator who is willing and available to serve.  If the parties cannot agree upon the mediator to be selected, the Court will make the selection.

The full text of the Circuit Court's local court rules, including Rule 38 Alternative Dispute Resolution, is available from the Clerk of the Circuit Court or at: http://www.courts.mo.gov/hosted/circuit11/Documents/LOCAL_COURT_RULES.pdf

A copy of this Notice is to be provided by the Clerk of the Circuit Court to each of the parties initiating the suit at the time it is filed, and a copy is to be served on each other party in the suit with the summons and petition served on that party.

STATE OF MISSOURI                 )
                                           ) ss.

ST. CHARLES COUNTY, MISSOURI   )

### IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

_____ )
                              Plaintiff(s),   )
                                            )
vs.                                       )        Cause #_____
                                          )
_____ )
                            Defendant(s).  )

### CONSENT TO MEDIATION FORM

      I, the undersigned counsel of record in this case, hereby certify that I have discussed the subject of mediation under the Court's Alternative Dispute Resolution Program with my client(s) in this case and that:

_____ We believe that mediation would be helpful in this case and consent to the referral of the case to mediation upon the filing of similar consents by all other parties in the case.

_____ We do not consent to the referral of this case to mediation.

                                  _____
                                  Signature

                                  _____
                                  (Print Name)

                                  Attorney for:

                                  _____
                                  (Party or Parties)

Date: _____

Electronically Filed - St Charles Circuit Div - August 12, 2016 - 11:10 AM

**IN THE MISSOURI CIRCUIT COURT
FOR THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF ST. CHARLES**

| | |
|---|---|
| **SWINTER GROUP, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )      **No. 1611-CC00730** |
| | ) |
| **WEX, INC. d/b/a WEX FLEET ONE** | )      **Div. 4** |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF'S MOTION FOR EXTENSION TO TIME TO SERVE
DEFENDANT WEX, INC.**

Plaintiff, pursuant to Missouri Supreme Court Rule 54.21, requests that the deadline for service of the summonses and petition on Defendant WEX, Inc., be extended to 90 days from issuance of the summonses on June 20, 2016, in order to allow sufficient time to obtain service.  Defendant resides outside of Missouri.

Plaintiff is mailing Civil Procedure Form 4B Notices, in accordance with Missouri Supreme Court Rule 54.16, requesting that Defendant voluntarily acknowledge service by mail.  Rule 54.16 grants the recipient 30 days to complete and return the Form 4B notice.

The new service deadline would be November 10, 2016.


SO ORDERED THIS ____ DAY OF AUGUST, 2016


_____
Richard K. Zerr, Circuit Judge

1

Electronically Filed - St Charles Circuit Div - August 12, 2016 - 11:10 AM

SCHULTZ & ASSOCIATES LLP

By:  /s/ Ronald J. Eisenberg
   Ronald J. Eisenberg, #48674
   640 Cepi Drive, Suite A
   Chesterfield, MO  63005
   636-537-4645
   Fax:  636-537-2599
   reisenberg@sl-lawyers.com

*Attorney for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

The above-signed certifies that this motion was eFiled on August 12, 2016.

**FILED**

*4:38 pm, Aug 15, 2016*

**JUDY ZERR**
**CIRCUIT CLERK**
**11TH JUDICIAL CIRCUIT**
**ST CHARLES COUNTY**

## IN THE MISSOURI CIRCUIT COURT
## FOR THE ELEVENTH JUDICIAL CIRCUIT
## COUNTY OF ST. CHARLES

| | |
|---|---|
| SWINTER GROUP, INC., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   No. 1611-CC00730 |
| | ) |
| WEX, INC. d/b/a WEX FLEET ONE | )   Div. 4 |
| et al., | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF'S MOTION FOR EXTENSION TO TIME TO SERVE DEFENDANT WEX, INC.

Plaintiff, pursuant to Missouri Supreme Court Rule 54.21, requests that the deadline for service of the summonses and petition on Defendant WEX, Inc., be extended to 90 days from issuance of the summonses on June 20, 2016, in order to allow sufficient time to obtain service. Defendant resides outside of Missouri.

Plaintiff is mailing Civil Procedure Form 4B Notices, in accordance with Missouri Supreme Court Rule 54.16, requesting that Defendant voluntarily acknowledge service by mail. Rule 54.16 grants the recipient 30 days to complete and return the Form 4B notice.

The new service deadline would be November 10, 2016.

SO ORDERED THIS 15th DAY OF AUGUST, 2016

_____
Richard K. Zerr, Circuit Judge

1

SCHULTZ & ASSOCIATES LLP

By:  /s/ Ronald J. Eisenberg
     Ronald J. Eisenberg, #48674
     640 Cepi Drive, Suite A
     Chesterfield, MO  63005
     636-537-4645
     Fax:  636-537-2599
     reisenberg@sl-lawyers.com

     *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The above-signed certifies that this motion was eFiled on August 12, 2016.