**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SWINTER GROUP, INC., | |
| Plaintiff, | |
| v. | Civil Action No. |
| WEX, INC. d/b/a WEX FLEET ONE, and JOHN DOES 1-10, | State Court No. 1611-CC00730 |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant WEX, Inc. d/b/a WEX Fleet One ("WEX") hereby removes this action which has been pending as Cause No. 1611-CC00730 in the Circuit Court of St. Charles County, Missouri to the United States District Court for the Eastern District of Missouri, Eastern Division pursuant to 28 U.S.C. §§ 1331, 1441 & 1446. In support of removal, WEX respectfully shows the Court as follows:

## STATEMENT OF THE STATE COURT ACTION

1.      On August 11, 2016, Plaintiff Swinter Group, Inc. filed an action against WEX and John Does 1-10 in the Circuit Court of St. Charles County, Missouri, Case No. 1611-CC00730 (the "State Court Action").

2.      On August 18, 2016, WEX received copies of the Summons and Petition in the mail as attachments to a Notice of Acknowledgement for Service by Mail Plaintiff served pursuant to Missouri Supreme Court Rule 54.16.

3.      The Complaint alleges that WEX violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). *E.g.*, Petition ¶ 27. Specifically, Plaintiff alleges

that WEX violated the TCPA by sending unsolicited facsimile advertisements that lacked TCPA-compliant opt-out notices.  *See generally id.*

## GROUNDS FOR REMOVAL – FEDERAL QUESTION

4.      "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and such cases are explicitly within this Court's removal jurisdiction.  28 U.S.C. § 1441(a).  Such federal question jurisdiction exists where the complaint alleges a purported violation of federal law as an essential element of a cause of action and could have been filed in federal court in the first instance.  "Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009).

5.      Plaintiff's only claim is that WEX violated the TCPA, a federal statute; that Plaintiff is pursuing a purely federal claim is apparent from the face of the Petition.  *E.g.*, Petition ¶ 22.

6.      Federal district courts have original jurisdiction over TCPA claims.  *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).  As such, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the State Court Action is removable under 28 U.S.C. § 1441.

## VENUE

7.      Venue is proper in this district under 28 U.S.C. § 1441(a) because it embraces the county where the State Court Action was filed.

## TIMELINESS OF REMOVAL

8.      WEX files this Notice of Removal within 30 days of service of the Petition and Summons.  Removal is thus timely pursuant to 28 U.S.C. § 1446(b).

## ATTACHMENT OF ALL STATE COURT PLEADINGS

9.      WEX has complied with 28 U.S.C. § 1446(a) by attaching all process, pleadings, and orders on file in the State Court Action collectively hereto as **Exhibit A**.

## NOTICE OF REMOVAL TO THE STATE COURT

10.     Promptly after filing this Notice of Removal, WEX will give written notice of removal to Plaintiff, through its attorney of record in the State Court Action, as well as to the Clerk of Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

11.     Pursuant to Local Rule 3-2.02, Defendant is contemporaneously filing a completed Civil Cover Sheet attached hereto as **Exhibit B**, an Original Filing Form attached hereto as **Exhibit C**, and a Disclosure of Organizational Interests Certificate as a separate filing.

WHEREFORE, WEX hereby removes the State Court Action filed by Plaintiff in the Missouri Circuit Court of St. Charles County to the United States District Court for the Eastern District of Missouri, Eastern Division.

September 15, 2016

Respectfully submitted,

CARMODY MACDONALD P.C.

By:      */s/ David P. Stoeberl*
      David P. Stoeberl #46024MO
      Tyler C. Schaeffer #60847MO
      120 South Central Avenue, Suite 1800
      St. Louis, Missouri 63105
      (314) 854-8600 Telephone
      (314) 854-8660 Facsimile
      dps@carmodymacdonald.com
      tcs@carmodymacdonald.com

      and

      James F. Bogan III (GA Bar No. 065220)
      *Pro hac vice forthcoming*
      Jeffrey H. Fisher (GA Bar No. 981575)
      *Pro hac vice forthcoming*
      **KILPATRICK TOWNSEND &**
        **STOCKTON LLP**
      1100 Peachtree St. NE, Suite 2800
      Atlanta, GA 30309
      Tel:  (404) 815-6500
      Fax:  (404) 815-6555
      jbogan@kilpatricktownsend.com
      jfisher@kilpatricktownsend.com

      Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of September, 2016, I served a copy of the foregoing

NOTICE OF REMOVAL on Plaintiff by depositing a copy in the U.S. Mail, postage prepaid,

addressed as follows:

      Ronald J. Eisenberg
      SCHULTZ & ASSOCIATES LLP
      640 Cepi Drive, Suite A
      Chesterfield, MO 63005

      */s/ David P. Stoeberl*
      David P. Stoeberl

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

**1611-CC00730**

## IN THE MISSOURI CIRCUIT COURT
## FOR THE ELEVENTH JUDICIAL CIRCUIT
## COUNTY OF ST. CHARLES

| | |
|---|---|
| **SWINTER GROUP, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **JURY TRIAL DEMANDED** |
| **WEX, INC. d/b/a WEX FLEET ONE,,** | ) |
| | ) |
| **Serve:** | ) |
| **Corporation Service Company** | ) |
| **Registered Agent** | ) |
| **45 Memorial Circle** | ) |
| **Augusta, ME 04330** | ) |
| | ) |
| **Or** | ) |
| **Person in Charge** | ) |
| **225 Gorham Road, South** | ) |
| **Portland, ME 04106** | ) |
| | ) |
| **and** | ) |
| | ) |
| **JOHN DOES 1-10,** | ) |
| | ) |
| **Defendants.** | ) |

### CLASS ACTION JUNK-FAX PETITION

Plaintiff Swinter Group, Inc., brings this junk-fax class action, on behalf of itself and all others similarly situated, against Defendants WEX, Inc. d/b/a WEX Fleet One and John Does 1-10 under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (TCPA).

### PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Swinter Group, Inc., is a Missouri corporation in good standing with the Missouri Secretary of State.

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

2.     Defendant WEX, Inc. d/b/a WEX Fleet One (WEX) is a Delaware corporation with its principal place of business in in Portland, Maine.

3.     "WEX Fleet One" is not registered as a fictitious name or assumed name with the Maine Department of the Secretary of State

4.     WEX is not registered with the Missouri Secretary of State to transact business in Missouri.

5.     John Does 1-10 are not presently known.

6.     This Court has personal jurisdiction over Defendants under 47 U.S.C. § 227(b)(3), because Defendants sent at least one illegal fax into Missouri, Defendants transact business within this state, Defendants have made contracts within this state, Defendants have committed tortious acts within this state, including conversion of fax recipients' paper, ink, and toner, and/or Defendants otherwise have sufficient minimum contacts with this state.

7.     WEX has hundreds of merchant clients in Missouri and has merchant clients in St. Charles County, e.g., one at 2301 Old Highway 94 S.

8.     Venue is proper under Missouri Revised Statutes § 508.010.2.

**THE FAX**

9.     On or about August 10, 2016, Defendants, or someone acting on their behalf, used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 678-0116 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 1** (Fax).

10.     Plaintiff received the Fax through Plaintiff's facsimile machine.

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

11.     The Fax constitutes material advertising quality or commercial availability of any property, goods, or services.

12.     The Fax advertised the "WEX Fleet One OTR card" as well as the following:

WEX Fleet One offers Factoring services, CASH services including ATM access, cash advances

13.     The Fax encouraged the recipient to do the following:

Choose one or all of our services – you can't go wrong!

14.     The bottom of the Fax contains an opt-out notice which states, "If you have received this fax in error and/or would like to be removed from our fax list, please email "unsubscribe" to marketing@FleetOne.com."

15.     A true and accurate copy of the home page, www.fleetone.com (last visited Aug. 11, 2016), is attached as Exhibit 2.

16.     The Fax was admittedly sent as part of a fax blast, as noted on bottom right-hand corner of the Fax, which states:

C-WF1 OTR FaxBlast 316
Coupon Code: FIWQM

17.     On information and belief, Defendants have sent other facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services to Plaintiff and to at least 40 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example, or, alternatively, the Fax was sent on behalf of Defendants.

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

18. Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

19. Defendants had a high degree of involvement in, actual notice of, and/or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

20. Defendants created, made, and/or ratified the sending of the Fax and other similar or identical facsimile advertisements, which Defendants sent to Plaintiff and to other members of the "Class" as defined below.

21. The Fax, and the other similar or identical facsimile advertisements, sent by and/or on behalf of Defendants, is part of Defendants' work or operations to market Defendants' products, goods, or services.

22. The Fax sent to Plaintiff, and the other facsimile advertisements sent by Defendants, lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

23. Under the TCPA and 47 C.F.R. § 64.1200(a)(3)(iii), the opt-out notice required for all facsimile advertisements must meet the following criteria:

(A) The notice is clear and conspicuous and on the first page of the advertisement;

(B) The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

(C)    The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section

(D)    The notice includes—

(1)    A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

(2)    If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E)    The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

24.    Senders of fax ads must include certain information in an opt-out notice on the fax, even if the recipient previously agreed to receive fax ads from such senders. *See* 47 C.F.R. § 64.1200(a)(4)(iv).

25.    Senders of fax ads must fully comply with the opt-out notice requirements of 47 C.F.R. § 64.1200(a)(4)(iii).

26.    The Fax and Defendants' similar facsimile advertisements lacked a notice stating that the recipient may make a request to the sender of the advertisement not to send future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting 47 C.F.R. § 64.1200(a)(4)(v)'s requirements is unlawful.

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

27.     The transmissions of facsimile advertisements, including the Fax, to Plaintiff, lacked a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

28.     On information and belief, Defendants faxed the same or other substantially similar facsimile advertisements to the members of the Class in Missouri and throughout the United States without first obtaining the recipients' prior express invitation or permission.

29.     Defendants violated the TCPA by transmitting the Fax to Plaintiff and to the Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

30.     Defendants knew or should have known that (a) facsimile advertisements, including the Fax, were advertisements, (b) Plaintiff and the other Class members had not given their prior invitation or permission to receive facsimile advertisements, (c) no established business relationship existed with Plaintiff and the other Class members, and (d) Defendants' facsimile advertisements did not display a proper opt-out notice.

31.     Defendants failed to determine correctly the legal restrictions on the use of facsimile transmissions and the application of those restrictions to facsimile advertisements, including the Fax, both to Plaintiff and the Class.

32.     Pleading in the alternative to the allegations that Defendants knowingly violated the TCPA, Plaintiff alleges that Defendants did not intend to send transmissions of facsimile advertisements, including the Fax, to any person

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

33.    The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused concrete and personalized injury, including unwanted use and destruction of their property, e.g., toner or ink and paper, caused undesired wear on hardware, interfered with the recipients' exclusive use of their property, occupied their fax machines for the period of time required for the electronic transmission of the data, and interfered with their business and/or personal communications and privacy interests.

## CLASS ACTION ALLEGATIONS

34.    Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Class":

> All persons in the United States who on or after four years prior to the filing of this action, (1) were sent by or on behalf of Defendants a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services, (2) with respect to whom Defendants cannot provide evidence of prior express invitation or permission for the sending of such faxes, and (3) either (a) with whom Defendants did not have an established business relationship, or (b) the fax identified in subpart (1) of this definition (i) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. §

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

64.1200(a)(4)(v) is unlawful, (ii) lacked a telephone number for sending the opt-out request, or (iii) lacked a facsimile number for sending the opt-out request.

35. Excluded from the Class are Defendants, their employees, agents, and members of the judiciary.

36. This case is appropriate as a class action because:

a. <u>Numerosity.</u> On information and belief, based in part on review of the sophisticated Fax and online research, the Class includes at least 40 persons and is so numerous that joinder of all members is impracticable.

b. <u>Commonality.</u> Questions of fact or law common to the Class predominate over questions affecting only individual Class members, e.g.:

    i. Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

    ii. Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the commercial availability of any property, goods or services;

    iii. Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the quality of any property, goods or services;

    iv. The manner and method Defendants used to compile or obtain the list of fax numbers to which Defendants sent the Fax and other unsolicited faxed advertisements;

    v. Whether Defendants faxed advertisements without first obtaining the recipients' prior express invitation or permission;

    vi. Whether Defendants violated 47 U.S.C. § 227;

    vii. Whether Defendants willingly or knowingly violated 47 U.S.C. § 227;

    viii. Whether Defendants violated 47 C.F.R. § 64.1200;

    ix. Whether the Fax, and the other fax advertisements sent by or on behalf of Defendants, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

    x.    Whether the Court should award statutory damages per TCPA violation per fax;

    xi.    Whether the Court should award treble damages per TCPA violation per fax; and

    xii.    Whether the Court should enjoin Defendants from sending TCPA-violating facsimile advertisements in the future.

c.    <u>Typicality.</u>  Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendants to the Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

d.    <u>Adequacy.</u>  Plaintiff will fairly and adequately protect the interests of the other Class members.  Plaintiff's counsel is experienced in TCPA class actions, having litigated more than 40 such cases.  Neither Plaintiff nor its counsel has interests adverse or in conflict with the Class members.

e.    <u>Superiority.</u>  A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

37.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine."  47 U.S.C. § 227(b)(1).

38.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

39.    The TCPA provides:

Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)    Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

40.    The TCPA also provides that the Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

41.    "A facsimile broadcaster will be liable for violations of [Section 64.1200(a)(4)]. . . , including the inclusion of opt-out notices on unsolicited advertisements, if it demonstrates a high degree of involvement in, or actual notice of, the unlawful activity and fails to take steps to prevent such facsimile transmissions." 47 C.F.R. § 64.1200(a)(4)(vii).

42.    Because the TCPA is a strict liability statute; Defendants are liable to Plaintiff and the Class even if Defendants only acted negligently.

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

43.     Defendants' actions caused concrete and particularized harm to Plaintiff and the Class, as

    a.     receiving Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendants' faxes;

    b.     Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines;

    c.     Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on business activities; and

    d.     Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone and intruded upon their seclusion.

44.     Defendants intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with Defendants' advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

45.     Defendants knew or should have known that (a) Plaintiff and the other Class members had not given express invitation or permission for Defendants or anyone else to fax advertisements about Defendants' property, goods, or services, (b) Defendants did not have an established business relationship with Plaintiff and the other Class members, (c) the Fax and the other facsimile advertisements were advertisements, and (d) the Fax and the other facsimile advertisements did not display the proper opt-out notice.

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM

46.     Defendants violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

WHEREFORE, Plaintiff Swinter Group, Inc., individually and on behalf of all others similarly situated, demands judgment in its favor and against all Defendants, jointly and severally, as follows:

a.      certify this action as a class action and appoint Plaintiff as Class representative;

b.      appoint the undersigned counsel as Class counsel;

c.      award damages of $500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);

d.      award treble damages up to $1,500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3);

e.      enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);

f.      award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;

g.      award Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;

h.      award Plaintiff prejudgment interest and costs; and

i.      grant Plaintiff all other relief deemed just and proper.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that WEX take affirmative steps to preserve all records, lists, electronic databases, or other itemization of telephone or fax numbers associated with WEX and the communication or transmittal of advertisements as alleged herein.

Dated: August 11, 2016

SCHULTZ & ASSOCIATES LLP

By: /s/ Ronald J. Eisenberg
Ronald J. Eisenberg, #48674
640 Cepi Drive, Suite A
Chesterfield, MO 63005
636-537-4645
Fax: 636-537-2599
reisenberg@sl-lawyers.com

*Attorney for Plaintiff*

13

**1611-CC00730**

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM



## *All Vehicles.  All Classes.  All Fuel. We've got options!*

Prefer Truck Stops?  The WEX Fleet One **OTR fuel card** brings nationwide truck stop acceptance with $0 transaction fees and CASH PRICE± at the pump.

Prefer Gas Stations?  The WEX Fleet One **All Roads fuel card** is a single card solution bringing extended terms & acceptance at both gas stations and truck stops.

Each fuel card carries big benefits like:

- ✓ Significant Fuel Savings & Discounts
- ✓ $0 Transaction Fees
- ✓ **FREE** Online Account Management
- ✓ 24/7/365 Customer Service
- ✓ Enhanced purchasing control

**Our cards are just the beginning of a more productive, efficient fleet.**

WEX Fleet One offers Factoring services, CASH services including ATM access, cash advances and PlusBuck® services.  Plus we offer permit services as well as tire replacement programs.

Choose one or all of our services – you can't go wrong!

Just fill out the form below and fax back to 1 888 310 1988  It's that easy!

---

YES!  I would like more information about the many fuel card and services from WEX Fleet One.

Company Name: _____

Contact Name: _____

City: _____        State: _____

Email: _____ _____ _____

Phone: _____

> Want point of sale discounts up to **15¢ a gallon** at major truck stops every day? Ask us how!

If you have received this fax in error and/or would like to be removed from our fax list, please email "unsubscribe" to marketing@FleetOne.com.

± http://www.fleetone.com/disclaimer

C-WF1 OTR FaxBlast 316
Coupon Code: FIWQM

**Ex. 1**

Electronically Filed - St Charles Circuit Div - August 11, 2016 - 03:50 PM



WEX Fleet One Cards Deliver Greater Control and Convenience

MERCHANT DIRECTORY | CUSTOMER LOGIN | MERCHANT LOGIN

SITE SEARCH

CUSTOMER SELF SERVICE

About Us      Product Solutions      Why Fleet One?      Partner With Us      Apply For A Card      Contact Us

WEX FLEET ONE FUEL CARDS
DELIVER GREATER CONTROL &
SAVINGS

### WEX INDEX

Gasoline Prices 40 Cents Per Gallon
Lower Than Last Year

The national average dropped more than 20
cents per gallon to $3.37 its lowest level since
late January of this year. Compared to last
year, prices are down by more than 40 cents
per gallon. The good news for fleet managers is
that many analysts are predicting further
declines with some even saying that the
national average could flirt with $3.00 per
gallon before the year ends.

### WEX FLEET ONE

Over-The-Road Fuel Card



Businesses and owner operators traveling long-
haul count on the Over-The-Road (OTR) fuel
card from WEX Fleet One to save on diesel
fuel, get improved reporting and access
immediate cash services, all while managing
and controlling needed maintenance and truck
stop purchases at over 7,900 truck stop
locations nationwide.

APPLY NOW

### WEX FLEET ONE

All Roads Fuel Card



For mixed fleets fueling primarily at
convenience stores, the All Roads fuel card
from WEX Fleet One helps reduce the cost of
fuel spend. The All Roads card is accepted at
over 60,000 c-stores and 7,900 truck stops
nationwide, captures consistent level III data
and helps enforce tight card controls.

APPLY NOW

LEARN MORE              LEARN MORE              LEARN MORE

WEX Fleet One | Terms of Use | Careers | Integrity Helpline | 613 Bakertown Road, Antioch TN 37013 | 866.517.2537

**WEX Fleet One provides category-leading fleet, corporate and prepaid payment solutions across a wide spectrum of business sectors around the globe.**

Ex. 2



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>RICHARD KEVIN ZERR | Case Number: 1611-CC00730 |
|---|---|
| Plaintiff/Petitioner:<br>SWINTER GROUP INC<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE SUITE A<br>CHESTERFIELD, MO 63005 |
| Defendant/Respondent:<br>WEX INC<br>DBA: WEX FLEET ONE | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Injunction | <div align="right">(Date File Stamp)</div> |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  WEX INC
                        Alias:
                        DBA:  WEX FLEET ONE

**CORPORATION SERVICE COMPANY**          **OR:  PERSON IN CHARGE**
**45 MEMORIAL CIRCLE**                   **225 GORHAM RD SOUTH**
**AUGUSTA, ME  04330**                   **PORTLAND, ME  04106**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*ST. CHARLES COUNTY*

_____8/12/2016_____          _____/S/  Judy Zerr_____
                        Date                                    Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
    _____ (name) _____ (title).
    ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____          _____
          Printed Name of Sheriff or Server                          Signature of Sheriff or Server

          **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
          I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                            ☐ the judge of the court of which affiant is an officer.
                            ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                              (use for out-of-state officer)
*(Seal)*                   ☐ authorized to administer oaths.  (use for court-appointed server)

                                                    _____
                                                              Signature and Title

| **Service Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

STATE OF MISSOURI       )
              ) ss.
ST. CHARLES COUNTY, MISSOURI   )

<div align="center">

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

</div>

   Pursuant to Missouri Supreme Court Rule 17, the Circuit Court of St. Charles County, Missouri (Eleventh Judicial Circuit) has adopted a local rule to encourage voluntary alternative dispute resolution. The purpose of the rule and the program it establishes is to foster timely, economical, fair and voluntary settlements of lawsuits without delaying or interfering with a party's right to resolve a lawsuit by trial.

   This program applies to all civil actions other than cases in the small claims, probate and family court divisions of the Circuit Court, and you are hereby notified that it is available to you in this case.

   The program encourages the voluntary early resolution of disputes through mediation. Mediation is an informal non-binding alternative dispute resolution process in which a trained mediator facilitates discussions and negotiations among the parties to help them resolve their dispute. The mediator is impartial and has no authority to render a decision or impose a resolution on the parties. During the course of the mediation, the mediator may meet with the parties together and separately to discuss the dispute, to explore the parties' interests, and to stimulate ideas for resolution of the dispute.

   A list of mediators approved by the court and information regarding their qualifications is kept by the Circuit Clerk's Office. If all parties to the suit agree to mediation, within ten days after they have filed the Consent to Mediation Form on the reverse side of this page with the Clerk of the Court, they shall jointly select from that list a mediator who is willing and available to serve. If the parties cannot agree upon the mediator to be selected, the Court will make the selection.

   The full text of the Circuit Court's local court rules, including Rule 38 Alternative Dispute Resolution, is available from the Clerk of the Circuit Court or at: http://www.courts.mo.gov/hosted/circuit11/Documents/LOCAL_COURT_RULES.pdf

   A copy of this Notice is to be provided by the Clerk of the Circuit Court to each of the parties initiating the suit at the time it is filed, and a copy is to be served on each other party in the suit with the summons and petition served on that party.

STATE OF MISSOURI       )
                                       ) ss.
ST. CHARLES COUNTY, MISSOURI     )

### IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

_____ )
                    Plaintiff(s),   )
                               )
vs.                                )         Cause #_____
                               )
_____ )
                  Defendant(s). )

### CONSENT TO MEDIATION FORM

        I, the undersigned counsel of record in this case, hereby certify that I have discussed the subject of mediation under the Court's Alternative Dispute Resolution Program with my client(s) in this case and that:

_____ We believe that mediation would be helpful in this case and consent to the referral of the case to mediation upon the filing of similar consents by all other parties in the case.

_____ We do not consent to the referral of this case to mediation.

                                     _____
                                     Signature

                                     _____
                                     (Print Name)

                                     Attorney for:

                                     _____
                                     (Party or Parties)

Date: _____

Electronically Filed - St Charles Circuit Div - August 12, 2016 - 11:10 AM

**IN THE MISSOURI CIRCUIT COURT
FOR THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF ST. CHARLES**

| | |
|---|---|
| SWINTER GROUP, INC.,      ) | |
|                     ) | |
|       **Plaintiff,**      ) | |
|                     ) | |
| **v.**                     ) | **No. 1611-CC00730** |
|                     ) | |
| **WEX, INC. d/b/a WEX FLEET ONE**  ) | **Div. 4** |
| **et al.,**                  ) | |
|                     ) | |
|      **Defendants.**      ) | |

**PLAINTIFF'S MOTION FOR EXTENSION TO TIME TO SERVE
DEFENDANT WEX, INC.**

Plaintiff, pursuant to Missouri Supreme Court Rule 54.21, requests that the deadline for service of the summonses and petition on Defendant WEX, Inc., be extended to 90 days from issuance of the summonses on June 20, 2016, in order to allow sufficient time to obtain service. Defendant resides outside of Missouri.

Plaintiff is mailing Civil Procedure Form 4B Notices, in accordance with Missouri Supreme Court Rule 54.16, requesting that Defendant voluntarily acknowledge service by mail. Rule 54.16 grants the recipient 30 days to complete and return the Form 4B notice.

The new service deadline would be November 10, 2016.

SO ORDERED THIS ____ DAY OF AUGUST, 2016

_____
Richard K. Zerr, Circuit Judge

1

SCHULTZ & ASSOCIATES LLP

By:   /s/ Ronald J. Eisenberg
      Ronald J. Eisenberg, #48674
      640 Cepi Drive, Suite A
      Chesterfield, MO  63005
      636-537-4645
      Fax:  636-537-2599
      reisenberg@sl-lawyers.com

      *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The above-signed certifies that this motion was eFiled on August 12, 2016.

Electronically Filed - St Charles Circuit Div - August 12, 2016 - 11:10 AM

FILED

*4:38 pm, Aug 15, 2016*

**JUDY ZERR**
**CIRCUIT CLERK**
**11TH JUDICIAL CIRCUIT**
ST CHARLES COUNTY

## IN THE MISSOURI CIRCUIT COURT
## FOR THE ELEVENTH JUDICIAL CIRCUIT
## COUNTY OF ST. CHARLES

| | |
|---|---|
| SWINTER GROUP, INC., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 1611-CC00730 |
| ) | |
| WEX, INC. d/b/a WEX FLEET ONE ) | Div. 4 |
| et al., ) | |
| ) | |
| **Defendants.** ) | |

### PLAINTIFF'S MOTION FOR EXTENSION TO TIME TO SERVE
### DEFENDANT WEX, INC.

Plaintiff, pursuant to Missouri Supreme Court Rule 54.21, requests that the deadline for service of the summonses and petition on Defendant WEX, Inc., be extended to 90 days from issuance of the summonses on June 20, 2016, in order to allow sufficient time to obtain service. Defendant resides outside of Missouri.

Plaintiff is mailing Civil Procedure Form 4B Notices, in accordance with Missouri Supreme Court Rule 54.16, requesting that Defendant voluntarily acknowledge service by mail. Rule 54.16 grants the recipient 30 days to complete and return the Form 4B notice.

The new service deadline would be November 10, 2016.

SO ORDERED THIS 15th DAY OF AUGUST, 2016

_____
Richard K. Zerr, Circuit Judge

1

SCHULTZ & ASSOCIATES LLP

By: /s/ Ronald J. Eisenberg
Ronald J. Eisenberg, #48674
640 Cepi Drive, Suite A
Chesterfield, MO 63005
636-537-4645
Fax: 636-537-2599
reisenberg@sl-lawyers.com

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The above-signed certifies that this motion was eFiled on August 12, 2016.

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Swinter Group, Inc.

## DEFENDANTS
Wex, Inc. d/b/a Wex Fleet One and John Does 1-10

**(b)** County of Residence of First Listed Plaintiff  St. Louis County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ronald J. Eisenberg, SCHULTZ & ASSOCIATES LLP
640 Cepi Dr., Suite A, Chesterfield, MO 63005
636-537-4645

Attorneys *(If Known)*
David P. Stoeberl, CARMODY MacDONALD P.C.
120 S. Central Ave., Ste. 1800, St. Louis, MO 63105
314-854-8600

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
       Plaintiff

☒ 3  Federal Question
       *(U.S. Government Not a Party)*

☐ 2  U.S. Government
       Defendant

☐ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** |  | ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

EXHIBIT
B

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
       Proceeding

☒ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       Another District
       *(specify)*

☐ 6  Multidistrict
       Litigation -
       Transfer

☐ 8  Multidistrict
       Litigation -
       Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. 227
Brief description of cause:
Telephone Consumer Protection Act case

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION**
    UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  none

DOCKET NUMBER

DATE
09/15/2016

SIGNATURE OF ATTORNEY OF RECORD
/s/ David P. Stoeberl

**FOR OFFICE USE ONLY**

RECEIPT #                AMOUNT                APPLYING IFP                JUDGE                MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

Swinter Group, Inc.          )
                         ,   )
                             )
            Plaintiff,       )
                             )
      v.                     )   Case No.
Wex, Inc. d/b/a Wex Fleet    )
One, and John Does 1-10  ,   )
                             )
            Defendant,       )
                             )

**ORIGINAL FILING FORM**

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY WHEN INITIATING A NEW CASE.**

☐ THIS SAME CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER _____ AND ASSIGNED TO THE HONORABLE JUDGE _____.

☐ THIS CAUSE IS RELATED, BUT IS NOT SUBSTANTIALLY EQUIVALENT TO ANY PREVIOUSLY FILED COMPLAINT. THE RELATED CASE NUMBER IS _____ AND THAT CASE WAS ASSIGNED TO THE HONORABLE _____. THIS CASE MAY, THEREFORE, BE OPENED AS AN ORIGINAL PROCEEDING.

☒ NEITHER THIS SAME CAUSE, NOR A SUBSTANTIALLY EQUIVALENT COMPLAINT, HAS BEEN PREVIOUSLY FILED IN THIS COURT, AND THEREFORE MAY BE OPENED AS AN ORIGINAL PROCEEDING.

The undersigned affirms that the information provided above is true and correct.

Date: 09/15/2016 _____          _____ Ann A Randall
                                          Signature of Filing Party

**EXHIBIT C**