UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SWINTER GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) No. 4:16-CV-01464 JAR |
| | ) |
| v. | ) |
| | ) |
| WEX, INC., d/b/a WEX FLEET ONE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Swinter Group, Inc. brings this putative class action against Defendants WEX, Inc., d/b/a WEX Fleet One, and John Does 1-10 for alleged violations of the Telephone Consumer Protection Act ("TCPA"), also known as the "Junk Fax Act," 47 U.S.C. § 227. The action was originally filed in the Eleventh Judicial Circuit Court of St. Charles County, Missouri and timely removed to this Court on September 15, 2016. (Doc. No. 1) Plaintiff alleges that on or about August 10, 2016, Defendants sent to Plaintiff's telephone facsimile machine an unsolicited advertisement for the "WEX Fleet One OTR card" as well as other services (Class Action Junk-Fax Petition, Doc. No. 6 at ¶¶ 9-13). Plaintiff further alleges on information and belief that Defendants have sent other facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services to Plaintiff and "at least 40 other persons" (id. at ¶ 17). Plaintiff seeks damages and injunctive relief.

Plaintiff has filed a motion to certify the following class and to stay ruling and briefing thereon until completion of discovery:

All persons in the United States who on or after four years prior to the filing of this action, (1) were sent by or on behalf of Defendants a telephone facsimile message of

material advertising the commercial availability or quality of any property, goods, or services, (2) with respect to whom Defendants cannot provide evidence of prior express invitation or permission for the sending of such faxes, and (3) either (a) with whom Defendants did not have an established business relationship, or (b) the fax identified in subpart (1) of this definition (i) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. §64.1200(a)(4)(v) is unlawful, (ii) lacked a telephone number for sending the opt-out request, or (iii) lacked a facsimile number for sending the opt-out request.

(Doc. No. 16) Plaintiff explains it filed the motion at this time "to avoid any attempt by WEX to 'pick off' [Plaintiff] through an offer of judgment" (Doc. No. 17 at 3-4) (citing cases). Defendant WEX does not oppose Plaintiff's request to stay briefing and determination of its motion for class certification, without prejudice to any defense or objection of WEX or FleetOne to this action or to Plaintiff's motion for class certification (Doc. No. 21).

In March v. Medicredit, No. 4:13-CV-1210-TIA, 2013 WL 6265070 (E.D. Mo. Dec. 4, 2013), this Court advised that "in future cases, putative class action plaintiffs would be wise to immediately file [motions for class certification] to protect the class from similar motions to dismiss based on offers of judgment," but also stated that defendants "should not be able to use offers of judgment [under Federal Rule of Civil Procedure 68] to thwart class actions." Id. at *3. Thus, the March court struck the defendant's offer of judgment and denied defendant's motion to dismiss. Id. at *4. Numerous courts in this District have opted to deny these early motions to certify without prejudice to refiling at the appropriate time rather than permit the motions to pend indefinitely. See e.g., Prater v. Medicredit, Inc., 301 F.R.D. 398, 401 (E.D. Mo. 2014); Max Margulis v. Eagle Health Advisors, LLC, No. 4:15-CV-1248-JAR, ECF No. 25 (Mar. 31, 2016); Physicians Healthsource Inc. v. Express Scripts Services Co., No. 4:15-CV-664-JAR, ECF No. 36 (Mar. 30, 2016); Marilyn Margulis v. Generation Life Ins. Co., et al., No. 4:14-CV-1462-

SNLJ, ECF No. 41 (Aug. 18, 2015); Douglas Phillip Brust, D.C., P.C. v. Orthopedic Pharmaceuticals, Inc, et al., No. 4:14-CV-01170-AGF, ECF No. 24 (Oct. 21, 2014). Likewise, this Court will deny Plaintiff's motion at this time. Any offer of judgment made only to the named Plaintiff before the Court rules on a motion for class certification filed in accordance with a case management order will be stricken. See Prater, 301 F.R.D. at 401; Johnson v. U.S. Bank Nat'l Ass'n, 276 F.R.D. 330, 334 (D. Minn. 2011).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Class Certification and to Stay Ruling and Briefing on the Same [16] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that this matter will be set for a Rule 16 conference by separate order.

Dated this 21st day of November, 2016.

                                                 **JOHN A. ROSS**
                                               **UNITED STATES DISTRICT JUDGE**